# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GABRIEL A. S.U.,[1]
(A Number: 220-893-773)

Petitioner,

v.

WARDEN, *California City Correctional Center*, et al.

Respondents.

Case No. 1:26-cv-05816-JLT-EGC

**FINDINGS AND RECOMMENDATION TO DENY PETITION**

(Doc. 1)

Gabriel A. S.U. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Nicaragua who entered the United States on an unknown date without authorization or inspection. (Doc. 5-4 at 1). On May 31, 2026, Immigration and Customs Enforcement officers arrested and detained Petitioner. (*Id.* at 2).

On June 2, 2026, Petitioner filed his first habeas petition, which was granted and the government was ordered to provide Petitioner with a substantive bond hearing. *See* 2:26-cv-00518-RJS (D. Utah June 22, 2026) (Doc. 12).

On June 26, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 5-2). The immigration judge ("IJ") denied Petitioner's request for custody redetermination

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

finding Respondents met their burden of proof that Petitioner's is a flight risk. (*Id.* at 1).

Petitioner then filed a second habeas petition, which is now before the Court, challenging their detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release. (*Id*. at 10).

On August 12, 2026, Respondent filed a response to the petition. (Doc. 5).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following their arrest and detention. Petitioner in his initial petition contended that he was being detained without an individualized custody determination. Petitioner has since been provided with such hearing before an immigration judge. Respondents argue the petition should be dismissed or denied, because Petitioner has already received the process he is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 13 at 1–3). Respondents further contend that Petitioner may also file a motion to enforced the judgment in his prior habeas case. (*Id.* at 3).

Petitioner maintains his argument that the IJ's denial of bond "deprive[s Petitioner] of any mechanism to challenge his detention." (Doc. 1 at 7). The undersigned agrees with Respondents that Petitioner must exhaust his administrative remedies before seeking relief before this court.

As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez*

*v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citation omitted).

In this case, the factors appear to weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, Petitioner takes issue with the findings of the immigration judge in his denial of bond. He contends that the evidence does not support the finding and that the immigration judge. (*See* Doc. 1 at 7). Such issues could be fairly resolved by the Board, and in fact, reviewing the immigration judge's decision is a primary function of the Board. In addition, Respondent is correct that relaxing the exhaustion requirement would encourage detainees denied bond to immediately bypass the Board and proceed to federal court. (Doc. 5 at 2). Third, allowing the Board to address the deficiencies in the immigration judge's decision would preclude the need for judicial review.

Accordingly, the undersigned recommends that the Court dismiss Petitioner's petition for failure to exhaust his administrative remedies.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus, (Doc. 1), be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE